UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASON RIVERA,

                                         Plaintiff,

                -against-

CITY OF NEW YORK, POLICE OFFICER KIMBERLY
BURGOS, POLICE OFFICER MARK,

                                 Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT AND
JURY DEMAND**

**Docket No. 15-CV-209 (KBF)**

Plaintiff Jason Rivera by his attorney Amy Robinson, of Stoll, Glickman & Bellina, LLP,

for his complaint alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. § 1983 and

42 U.S. § 1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments, in addition to violations of the laws and Constitution of the State of New York.

2.     The claim arises from an October 13, 2013 incident in which defendants, acting under

color of state law, falsely arrested and maliciously prosecuted Mr. Rivera.

3.     Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4.     This action arises under the Fourth and Fourteenth Amendments to the United States

Constitution and under 42 U.S.C. §§ 1983 and 1988, and the laws and Constitution of the State

of New York.

5.      The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4),

1367(a) and the doctrine of pendent jurisdiction.

## VENUE

6.      Venue is laid within the Southern District of New York in that Defendant City of New

York is located within and a substantial part of the events giving rise to the claim occurred

within the boundaries of the Southern District.

## PARTIES

7.      Plaintiff resided at all times here relevant in Bronx County, City and State of New

York.

8.      The City of New York ("the City") is a municipal corporation organized under the laws

of the State of New York.  At all times relevant hereto, Defendant City, acting through the New

York Police Department ("NYPD"), was responsible for the policy, practice, supervision,

implementation, and conduct of all NYPD matters and was responsible for the appointment,

training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at

all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and

for ensuring that the NYPD personnel obey the laws of the United States and the State of New

York.

9.      Police Officer KIMBERLY BURGOS was, at all times here relevant, a police officer of

the NYPD, and as such was acting in the capacity of agent, servant and employee of the City of

New York.  On information and belief, at all times relevant hereto, Defendant Officer Burgos

was involved in the decision to arrest Plaintiff without probable cause or failed to intervene in

the actions of her fellow officers when she observed them arresting Plaintiff without probable

cause. Defendant Officer Burgos is sued in her individual capacity.

10.   Police Officer MARK STEVENSON was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of agent, servant and employee of the City of New York.  On information and belief, at all times relevant hereto, Defendant Officer Stevenson was involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause. Defendant Officer Stevenson is sued in his individual capacity.

11.   At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12.   Within 90 days of the events giving rise to these claims, Plaintiff filed written Notices of Claim with the New York City Office of the Comptroller.  Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL CHARGES

13.   On October 13, 2013, at East 180th Street and Monterey Avenue in the Bronx, at approximately 8:00 P.M., Plaintiff was walking to a car with several friends.  They were on their way to Ruth's Chris Steak House to celebrate Plaintiff's 30th birthday.  Several additional friends and family members were meeting Plaintiff there, two of whom had flown in from other states for the occasion.

14.   Plaintiff was carrying a black plastic bag containing a closed bottle of vodka, which a friend had given to him as a birthday gift, and a closed can of Red Bull, which he had just bought.

15.    NYPD Officers Burgos and Stevenson approached Plaintiff and his friends, several of whom are Hispanic.   They searched the bag and Officer Burgos demanded to know what Plaintiff and his friends were doing for the evening.

16.    Plaintiff answered him truthfully that they were on their way to a steakhouse to celebrate his birthday.

17.    Officer Stevenson demanded identification from Plaintiff and his friends, and told them they would not be going to Ruth's Chris that night.

18.    Plaintiff produced his identification and asked why they were being stopped.

19.    Officer Stevenson replied that it looked as though Plaintiff and his friends were about to get into trouble.

20.    Plaintiff, offended, asked the officer, "Why do we look like we're getting into trouble? Is it because we are Spanish?"  One of Plaintiff's friends stated that he was a Registered Nurse.

21.    Officer Burgos then admonished them not to bring up race.

22.    Plaintiff was detained for approximately 30 minutes while the officers checked for warrants.

23.    Officer Stevenson told Plaintiff he had a warrant, and arrested him.  He was taken to the police station.

24.    Plaintiff was held in a cell, searched, and his shoelaces and the string from his sweatshirt were taken.

25.    Plaintiff was incarcerated at the precinct for approximately three hours.  Finally, an officer told him he could leave.  Plaintiff was never taken before a judge to answer to any warrant.

26.    Plaintiff was given a summons for "open container."  Officer Burgos, who swore to the

summons complaint, lied and stated that the bottle of vodka Plaintiff was carrying was open.

27.   Plaintiff returned to court twice to fight the charges.

28.   On March 3, 2014, Judge Nadelson, sitting in Part SAP2, dismissed the charge as facially insufficient.

29.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate Plaintiff's rights.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

30.   During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

## DAMAGES

31.   As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

a.      Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b.      Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c.      Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.      Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e.      Physical pain and suffering;

f.      Emotional trauma and suffering, including fear, embarrassment, humiliation,

emotional distress, frustration, extreme inconvenience, anxiety;

g.      Loss of liberty.

## FIRST CAUSE OF ACTION
### FALSE ARREST – 42 U.S.C. § 1983

32.   The above paragraphs are here incorporated by reference.

33.   The officer Defendants wrongfully and illegally arrested, detained and imprisoned Plaintiff without reasonable suspicion or probable cause and without a warrant.

34.   At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff and without Plaintiff's consent.

35.   All of this occurred without any illegal conduct by Plaintiff.

36.   The officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights secured by the United States Constitution.

37.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
### FALSE ARREST & FALSE IMPRISONMENT
### N.Y. Const. Art. I §12

38.   The above paragraphs are here incorporated by reference.

39.   The officer Defendants wrongfully and illegally arrested, detained and imprisoned Plaintiff without reasonable suspicion or probable cause and without a warrant.

40.    At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff and without Plaintiff's consent.

41.    All of this occurred without any illegal conduct by Plaintiff.

42.    Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

43.    Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards Plaintiff.

44.    The officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights secured by the Constitution of the State of New York.

45.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## THIRD CAUSE OF ACTION
### FALSE ARREST & FALSE IMPRISONMENT

46.    The above paragraphs are here incorporated by reference.

47.    Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

48.    Defendants intended to confine Plaintiff, Plaintiff was conscious of his confinement

and did not consent to his confinement.

49.   Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

50.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## FOURTH CAUSE OF ACTION
### ASSAULT AND BATTERY

51.   The above paragraphs are here incorporated by reference.

52.   By approaching, intimidating, questioning, and forcibly grabbing and handcuffing Plaintiff, Defendants made Plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

53.   Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

54.   Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

55.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## FIFTH CAUSE OF ACTION
MUNICIPAL LIABILITY

56.    The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

57.    The City has been alerted to the regular use of false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

58.    The aforesaid event was not an isolated incident.  The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of fellow officers.   Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

59.    For example, the well documented failures of the CCRB, a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected.  The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them.  In addition, the CCRB virtually never initiates their own

findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

60.    The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Bratton has done on many occasions.

61.    Further, the City has no procedure to notify individual officers or his supervisors of unfavorable judicial review of his conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated his Law Department from the discipline of police officers, so that civil suits against police officers for actions taken in his capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

62.    The City is aware that all of the aforementioned has resulted in violations of citizens'

constitutional rights.  Despite such notice, the City has failed to take corrective action.  This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights, without fear of reprisal.

63.    Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:     June 15, 2015
               Brooklyn, New York

Respectfully yours,

*[signature]*

By: Amy Robinson
Stoll, Glickman & Bellina, LLP
475 Atlantic Ave. Fl. 3
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
arobinson@stollglickman.com

*Attorneys for Plaintiff*

TO:
Law Department of New York City
Attn: ACC Jennifer Schuman
100 Church Street, 4th floor
New York, NY  10007
(212) 356-3518
jschuman@law.nyc.gov

Officer Kimberly Burgos
Patrol Borough Bronx Precinct
450 Cross Bronx Expressway
Bronx, NY 10457

Officer Mark Stevenson
Patrol Borough Bronx Precinct
450 Cross Bronx Expressway
Bronx, NY 10457